IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


STEVEN PINDER                                                                      PLAINTIFF

       v.                              Civil No. 1:10-cv- 1073

JANICE LINKOUS, Clerk
and Ex-Officio Recorder, Columbia
County Circuit Court; and
JERRI GALE HARRELSON,
Certified Court Reporter                                                           DEFENDANTS


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Steven Pinder (hereinafter Pinder), an inmate of the Arkansas Department of Correction (ADC),

Tucker Maximum Security Unit, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

With his complaint, Pinder has submitted an *in forma pauperis* (IFP) application.  The case is before me

for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28

U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

§ 1915A(a).

### 1. Background

In his complaint, Pinder alleges the Defendants have violated his constitutional rights in the

following ways: denied him access to the courts; denied him Due Process; denied him Equal Protection;

and subjected him to cruel and unusual punishment.   Specifically, he maintains Defendants have

unconstitutionally denied him access to complete documents, transcripts and files in connection with

his state court criminal trial (CR 02-1289) and his attempt to file a direct appeal.

On September 4, 2002, Pinder maintains the Columbia County Circuit Court ordered Defendant

Harrelson to prepare a transcript in the case with no cost to Pinder.  Defendant Linkous was also directed

to provide a copy of the "complete record" to be filed with the appellate court.  Although a record was

filed with the appellate court on December 3, 2002, Pinder states, despite his requests, he has never been provided a copy of the record by Defendant Linkous. Instead, Pinder indicates he had to purchase a copy of the record from the Clerk of the Arkansas Supreme Court. When he received the record in January of 2004, Pinder alleges it was deficient in a number of ways. Specifically, he maintains the transcripts from a number of pre-trial proceedings were omitted.

As relief, Pinder asks for a declaratory judgment that his constitutional rights were denied by the actions of Defendants. He also asks for injunctive relief in the form of a directive to the State of Arkansas to re-open Pinder's direct appeal and for the trial court to be ordered to hold hearings in an effort to produce an accurate and complete record of the entire trial. Finally, he seeks an award of monetary damages.

**2. Discussion**

As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, § 1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. *See* 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee although they are allowed to do so in installments. *See* 28 U.S.C. § 1915(b).

The PLRA also added § 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the

2

"three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

The three strikes rule applies to Pinder.  He has three previous actions that qualify as strikes against him under § 1915(g).  *See e.g., Pinder v. Reynolds, et al.*, Civil No. 1:02-cv-1050 (dismissed as frivolous on 8/20/2002); *Pinder v. Waller, et al.*, Civil 1:02-cv-01068 (dismissed as frivolous on 8/20/2002); *Pinder v. Knighton*, Civil No. 1:02-cv-1069 (dismissed as frivolous on 8/20/2002).  The Court has also dismissed at least one case based on the three strike rule.  *See Pinder v. Linkous, et al.*, Civil No. 1:05-cv-01043, (IFP status denied on 7/29/2005 and claims dismissed as frivolous).

In this case, there is no allegation that Pinder is currently under imminent danger of serious physical injury.  *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports).[1]  Therefore, Pinder is not eligible for IFP status.

While ordinarily Pinder would be given an opportunity to pay the filing fee in full, in this case the claims also subject to dismissal because they are frivolous.  Janice Linkous and Jerri Harrelson, a court clerk and court reporter, are immune from damages suits under § 1983.  While there are circumstances in which court clerks do not enjoy absolute immunity, it is clear that "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."  *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992)(internal quotations marks and citation omitted); *see also Ayers v. Reynolds*, 60 F.3d 830 (8th Cir. 1995)(court clerk entitled to absolute quasi-judicial immunity for her failure to

---

[1]In *Ashley v. Dilworth,* 147 F.3d 715 (8th Cir. 1998), the Eighth Circuit held that "an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of the filing.  Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(s) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* at 717.

timely file the state court judge's order or to transmit the certified record); *Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity).

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam v. Allen,* 466 U.S. 522, 542 & n. 22, 104 S. Ct. 1970, 1981 & n. 22, 80 L. Ed. 2d 565 (1984)*; see also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the court official can be reviewed on appeal or by extraordinary writ. *Mullis,* 828 F.2d at 1392 (citation omitted). *See also J&M Mobile Homes, Inc. v. Hampton,* 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate); *Hawthone v. Langley,* 2001 WL 333057 (Ark. Apr. 5, 2001)(recognizing the circuit court has authority to direct its clerk to perform duties pertaining to a case filed in that court); *Hawkins v. City of Prairie Grove,* 43 Ark. App. 81, 82-83, 861 S.W. 2d 118 (1993)("[A] party may file a motion for a rule on the clerk or a petition for writ of mandamus. We also see no reason why appellant could not have filed a partial record in the circuit court and petitioned for a writ of certiorari directing the municipal court clerk to lodge the record on appeal.").

## 3.  Conclusion

Accordingly, I recommend that Pinder be found ineligible for IFP status based on application of the three strikes provision of the PLRA, 28  U.S.C. § 1915(g).  Further, I recommend that this case

be dismissed on the grounds that the claims are frivolous, fail to state claims, and seek relief against Defendants who are immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii)(IFP action may be dismissed on such grounds at any time).  The Clerk should be directed to enter a § 1915 strike flag on this case.

**Pinder has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Pinder is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 16th day of November 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE