IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STEVEN L. PINDER                                                                                    PLAINTIFF

Civil No. 1:10-cv-1073

JANICE LINKOUS, Clerk and
Ex-Officio Recorder, Columbia
County Circuit Court; and JERRIS
GALE HARRELSON, Certified
Court Reporter                                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the undersigned for report and recommendation is the Plaintiff's motion for leave to appeal in forma pauperis (IFP) (Doc. 11). On March 14, 2011, United States District Judge Robert T. Dawson denied Plaintiff's initial application to proceed IFP, based on the application of the "three strikes" provision contained in 28 U.S.C. § 1915(g), assessed the filing fee pursuant to the terms of the Prison Litigation Reform Act, and dismissed the lawsuit on the grounds the claims were frivolous and/or were asserted against individuals immune from suit (Doc. 5). Plaintiff, after receiving one extension of time, filed a notice of appeal on May 23, 2011 (Doc. 8).

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on November 16, 2010. He named as Defendants a court clerk and a certified court reporter. In his complaint, Plaintiff alleges the Defendants have violated his constitutional rights in the following ways: denied him access to the courts; denied him Due Process; denied him Equal Protection; and subjected him to cruel and unusual punishment. Specifically, he maintains Defendants have unconstitutionally denied him access to complete documents, transcripts and files in connection with his state court criminal trial (CR 02-1289) and his attempt to file a direct appeal.

On September 4, 2002, Plaintiff maintains the Columbia County Circuit Court ordered

Defendant Harrelson to prepare a transcript in the case with no cost to Plaintiff. Defendant Linkous was also directed to provide a copy of the "complete record" to be filed with the appellate court. Although a record was filed with the appellate court on December 3, 2002, Plaintiff states, despite his requests, he has never been provided a copy of the record by Defendant Linkous. Instead, Plaintiff indicates he had to purchase a copy of the record from the Clerk of the Arkansas Supreme Court. When he received the record in January of 2004, Plaintiff alleges it was deficient in a number of ways. Specifically, he maintains the transcripts from a number of pre-trial proceedings were omitted

As was discussed in greater detail in the report and recommendation filed on November 16, 2010, all of Plaintiff's claims were subject to dismissal. First, the three strikes rule of 28 U.S.C. § 1915(g) precluded Plaintiff from proceeding *in forma pauperis* in this case. Second, the court clerk and court recorder were immune from damages suits under § 1983.

Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." As all claims were clearly frivolous and/or asserted against individuals immune from suit, any appeal would not be taken in good faith. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

I therefore recommend that the motion for leave to appeal be denied as the appeal is not taken in good faith, 28 U.S.C. § 1915(a)(3). I further recommend that the clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation Reform Act. Plaintiff may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit. Fed. R. App. P. 24(a).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of December 2011.

                                                /s/ Barry A. Bryant
                                               HON. BARRY A. BRYANT
                                               UNITED STATES MAGISTRATE JUDGE